IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RUTH LIZANA-JACKSON, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA; COBB | : | CIVIL ACTION NO. |
| COUNTY DEPARTMENT OF | : | 1:14-CV-0107-AT |
| FAMILY AND CHILDREN | : | |
| SERVICES; ELEASA SMITH, in her | : | |
| official capacity; FAMILY TIES | : | |
| ENTERPRISES, INC.; TAGALERIA | : | |
| KELLY, in her official capacity; COBB | : | |
| COUNTY JUVENILE COURT; | : | |
| MARLENE MCDEW, in her official | : | |
| capacity; ATLANTA | : | |
| PYSCHOLOGICAL SERVICES; DR. | : | |
| ANDREW M. GOTAHRD, P.C., in his | : | |
| official capacity, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Plaintiff Ruth Lizana-Jackson filed an application for leave to proceed in forma pauperis on January 14, 2014 (Doc. 1), which the Magistrate Judge granted on January 16 (Doc. 2).[1] Pursuant to 28 U.S.C. § 1915(e)(2), the Court must therefore determine whether Plaintiff's Complaint, which appears to assert only a

---

[1] Plaintiff also filed an application for leave to proceed in forma pauperis in an earlier case in which she alleged facts arising out of the same incidents involved here. *Lizana-Jackson v. Internal Revenue Serv.*, No. 1:13-cv-3815. The Magistrate Judge granted that application, and upon thorough consideration, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

state law claim of defamation against state defendants, is frivolous or fails to state a claim.

## I.  LEGAL STANDARD FOR FRIVOLITY REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted.  The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints.  *Id.* at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325.  In other words, a complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or  "seeks to enforce a right that clearly does not exist." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); *see also Neitzke v. Williams*, 490 U.S. at 327.  In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's

2

factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-685 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of

3

'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, her Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), *cert. denied*, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. DISCUSSION

Plaintiff pursues a state law claim for defamation against several individuals who allegedly made false and derogatory statements about Plaintiff regarding her parental competence. Her claim apparently arises out of a state court decision depriving her of custody of her children.

Although Plaintiff's Complaint fails to provide detailed factual context, in a previous case dismissed on a frivolity review, Plaintiff detailed her long, painful saga ending in the loss of custody, which the Court summarized in its Order

dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). *Lizana-Jackson v. Internal Revenue Serv.*, No. 1:13-cv-3815 (N.D. Ga. Nov. 25, 2013). Plaintiff was apparently incarcerated in 2006 for allegedly abusing her child, and a deprivation proceeding ensued. *Id.* According to Plaintiff, the criminal charges against her were dropped and the Georgia Department of Family and Children Services ("DFACS") and Juvenile Court of Cobb County ("Juvenile Court") agreed to a permanency plan with the ultimate goal of reunifying Plaintiff with her children. The Juvenile Court judge, however, found that Plaintiff failed to satisfy necessary conditions in the permanency plan and ultimately decided not to allow reunification. Plaintiff's appeals were futile and in 2013, she filed an action in this Court asserting, *inter alia*, a claim under 42 U.S.C. § 1983. The Court dismissed the action for failure to state a claim pursuant to § 1915(e)(2).

In January 2014, Plaintiff filed this new action asserting one claim. According to Plaintiff, Defendants Eleasa Smith, Tangaleria Kelly, Marlene McDew, and Dr. Andrew M. Gothard made false and derogatory statements about Plaintiff to the Juvenile Court or during an investigation into Plaintiff's parenting. For example, Eleasa Smith allegedly stated that Plaintiff whipped her daughter with an extension cord; Tangaleria Kelly allegedly stated that Plaintiff was clinically depressed and severely spanked her daughter; Marlene McDew allegedly stated that Plaintiff had a history of mental illness and severely, physically abused her daughter; and, Dr. Gothard allegedly stated that Plaintiff

5

was unstable and dysfunctional and recommended that her children should not remain in her care. (Compl. ¶¶ 10, 15, 26, 37.) According to Plaintiff, these false statements, and others, ultimately resulted in Plaintiff's loss of custody of her children. Plaintiff does not appear to assert any specific factual allegation attributable to any other named Defendant.

Although Plaintiff's allegations, if true, are disturbing, this Court cannot act beyond its limited subject matter jurisdiction. Plaintiff's sole claim against the individual defendants is a state law claim of defamation, and Plaintiff invokes this Court's diversity jurisdiction.[2] Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity between the parties, meaning that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Here, however, Plaintiff and Defendants all appear to be citizens of the State of Georgia, and Plaintiff has alleged no facts to infer otherwise. (*See* Compl. ¶¶ 2, 5-6.) Accordingly, the Court lacks jurisdiction to hear this case.

---

[2] Plaintiff makes a passing reference to 42 U.S.C. §§ 1981 and 1983 and 28 U.S.C. § 1343 in paragraphs 1 and 2 of her Complaint, but no other assertions of violations of federal law. Simply referring to a federal statute will not trigger this Court's federal question jurisdiction. *See Hill v. Marston*, 13 F.3d 1548, 1554 (11th Cir. 1994) ("[F]ederal jurisdiction does not extend to cases in which a question of federal law is merely 'lurking in the background.'" (quoting *Gulley v. First Nat'l Bank*, 299 U.S. 109, 117 (1936))).

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2). The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 27th day of March, 2014.

_____
**Amy Totenberg**
**United States District Judge**